IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID STEIDELL,<br><br>Defendant. | Case No. 12-cr-01259-DKW-02<br><br>**ORDER DENYING DEFENDANT DAVID STEIDELL'S MOTION FOR REDUCTION IN SENTENCE** |

On December 15, 2023, Defendant David Steidell, proceeding *pro se*, filed a motion pursuant to 18 U.S.C. § 3582 to reduce the 170-month drug trafficking sentence imposed on him by this Court in 2014. Dkt. No. 246. Steidell asserts: (1) that he is deserving of a reduction in his sentence to time-served pursuant to 18 U.S.C. § 3582(c)(2), effective as part of the November 2023 amendments to the United States Sentencing Guidelines; and (2) that there are extraordinary and compelling reasons for his sentence to be reduced on compassionate release grounds under 18 U.S.C. § 3582(c)(1)(A).

After reviewing the motion, the briefing, and the record generally, the Court disagrees. First, although review of Steidell's Presentence Investigation Report ("PSR") indicates that he is facially eligible for a reduction based on Amendment 821 to the Sentencing Guidelines, Steidell fails to establish that the same is warranted after consideration of the factors laid out in 18 U.S.C. § 3553(a).

Second, Steidell has not shown that there are any extraordinary and/or compelling reasons warranting a reduction in his sentence on compassionate release grounds. Accordingly, as more fully discussed below, Steidell's motion for a reduction in his sentence is DENIED.

## RELEVANT BACKGROUND

On May 20, 2014, Steidell pled guilty without a plea agreement to four counts, including: (1) conspiracy to possess with intent to distribute MDMA and N-Benzylpiperazine ("BZP"); (2) conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine; (3) distribution of 50 grams or more of methamphetamine; and (4) possession with intent to distribute BZP. Dkt. No. 76 at 1–5; Dkt. No. 162 at 2.

On September 9, 2014, Steidell appeared for sentencing. Dkt. No. 153. During sentencing, the Court adopted the PSR, finding Steidell's offense level to be 33 and his criminal history category to be IV. Dkt. No. 154 at 15–17, 30; Dkt. No. 183 at 17–18. The Court then granted Steidell a two-level downward variance based on a then-impending amendment to the Sentencing Guidelines, reducing his offense level to 31. Dkt. No. 183 at 38–39. The resulting sentencing guideline range was 151 to 188 months of incarceration, with a statutorily mandated minimum sentence of 120 months. Dkt. No. 154 at 22; Dkt. No. 183 at 38–39.

After considering the factors laid out in 18 U.S.C. § 3553(a), the Court sentenced Steidell to a mid-guideline range sentence of 170 months. *Id.* at 32–40.

Steidell is now 36 years old and incarcerated at FCI Yazoo City.[1] Apart from one disciplinary action for stealing at the very beginning of his incarceration, he has served without incident and is scheduled to be released on September 1, 2028. *See id.*; Dkt. No. 249-1.

On December 15, 2023, Steidell filed the instant motion for a reduction in sentence pursuant to 18 U.S.C. §§ 3582(c)(1)(A) and/or (c)(2)/Amendment 821. Dkt. No. 246. On January 30, 2024, the Government filed a response. Dkt. No. 249. Steidell replied on February 14, 2024.[2] Dkt. No. 250. Pursuant to Local Rule 7.1(c), the Court elected to decide this matter without a hearing, *see* Dkt. No. 248, and this Order now follows.

## STANDARD OF REVIEW

### I. Section 3582(c)(2)

"Ordinarily, a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Rodriguez*, 921 F.3d 1149, 1153 (9th Cir.

---

[1] *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (select "Find By Number," enter "03251-122," and select "Search") (last accessed Apr. 2, 2024).
[2] Although Steidell's reply was not received by the Court until February 20, 2024, it is timely under the prison mailbox rule, which provides that a motion filed by an incarcerated defendant is deemed filed as of the date it is given to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 275–76 (1988); Dkt. No. 250 at 7 (certifying Steidell placed his reply brief in the mail on February 14, 2024).

2019) (quoting 18 U.S.C. § 3582(c)).  However, 18 U.S.C. § 3582(c)(2) provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Accordingly, Section 3582(c)(2) sets forth a two-step analysis to determine whether a defendant is entitled to a sentence reduction pursuant to a subsequent amendment to the Sentencing Guidelines.  *See Dillon v. United States*, 560 U.S. 817, 826–27 (2010).  First, the Court must determine "whether a reduction is consistent with U.S. Sentencing Guidelines Manual § 1B1.10, the policy statement that implements § 3582(c)(2)." *Rodriguez*, 921 F.3d at 1153 (citing *Dillon*, 560 U.S. at 826; 18 U.S.C. § 3582(c)(2)).  Under Section 1B1.10, such reduction is only authorized if the amendment is applicable to the defendant and will have the effect of lowering the defendant's applicable guideline range.  *See* U.S. Sent'g Guidelines Manual § 1B1.10(a)(2).  Second, even if the defendant is facially eligible for a reduction under Section 1B1.10, the Court must nevertheless consider "all applicable 18 U.S.C. § 3553(a) factors and determine whether, in its discretion,

'the authorized reduction is warranted, either in whole or in part.'" *Rodriguez*, 921 F.3d at 1153 (citing *Dillon*, 560 U.S. at 826; 18 U.S.C. § 3582(c)(2)).

## II. Section 3582(c)(1)(A)

In addition to Section 3582(c)(2), the Court may also modify a term of imprisonment on compassionate release grounds under 18 U.S.C. § 3582(c)(1)(A) if: (1) the defendant has exhausted administrative remedies; (2) there are "extraordinary and compelling reasons" which warrant a reduction; (3) such reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission; and (4) the Court has considered the relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); U.S. Sent'g Guidelines Manual § 1B1.13; *United States v. Chen*, 48 F.4th 1092, 1094–95 (9th Cir. 2022).

The applicable policy statement, which is set forth in Section 1B1.13[3] of the U.S. Sentencing Guidelines, explains that "extraordinary and compelling reasons" include: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the

---

[3] Although the Ninth Circuit had previously held that Section 1B1.13 was binding only with respect to motions brought by the Director of the Bureau of Prisons ("BOP"), the newly amended version of the Guidelines provides that Section 1B1.13 applies to motions filed either by the BOP or by a defendant. *Compare United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) (holding that the "current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant."), *with* U.S. Sent'g Guidelines Manual § 1B1.13(a) (2023) ("Upon motion of the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A) . . . ." (emphasis added)). Accordingly, the Court finds that Section 1B1.13 is now applicable. *See United States v. Kaneko*, 2024 WL 1018362, at *2 (D. Haw. Mar. 8, 2024) (collecting cases).

defendant's family circumstances; (4) abuse while in custody; (5) other reasons similar in gravity to reasons 1–4; and (6) an unusually long sentence.  *See* U.S. Sent'g Guidelines Manual § 1B1.13(b).  In addition, Section 1B1.13 instructs that prior to granting a motion for compassionate release, the Court must find "the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g)."  U.S. Sent'g Guidelines Manual § 1B1.13(a)(2).  Finally, in bringing a motion under this section, the defendant bears the burden of establishing that he is eligible for compassionate release.  *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

## DISCUSSION[4]

### I.     Section 3582(c)(2)

Steidell first claims that he is entitled to a reduction in his sentence to "time served" based on his "qualifi[cation] for Amendment 821's retroactive removal of the status points" and his efforts "while incarcerated to further his educational and vocational skills, completing numerous courses offered in prison, as well as taking advantage of opportunities to better himself."  Dkt. No. 246 at 2, 4, 9.

Amendment 821, which became effective on November 1, 2023, modified the U.S. Sentencing Guidelines to limit "status points"—that is, points added to a

---

[4] As Steidell is *pro se*, the Court liberally construes his filings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

defendant's criminal history score if he "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *See* Dkt. No. 246 at 3–4; U.S.S.G. amend. 821, pt. A. As amended, Section 4A1.1(e) of the Sentencing Guidelines now limits status points to one point for offenders with seven or more criminal history points, and eliminates status points altogether for offenders with six or fewer criminal history points. *See* U.S.S.G. amend. 821, pt. A; U.S. Sent'g Guidelines Manual § 4A1.1(e) (2023).

Here, review of Steidell's PSR reflects that he received a total criminal history score of eight, including two "status points" for committing the instant offenses while on parole. *See* Dkt. No. 154 at 16–17. Amendment 821 would remove those two points, lowering his criminal history score to six, and decreasing his criminal history category from IV to III. *See* U.S. Sent'g Guidelines Manual ch. 5, pt. A. Coupled with his offense level of 31,[5] Steidell's amended sentencing range would therefore be between 135 and 168 months—reduced from the original 151 to 188 months. *See id.*

Nevertheless, although Steidell is facially eligible for a reduction in his sentence pursuant to the amended sentencing guideline range, the Court does not

---

[5]Although the PSR found Steidell's total offense level to be 33, *see* Dkt. No. 154 at 30, the Court varied downward two levels at sentencing, rendering Steidell's final total offense level as 31. *See* Dkt. No. 183 at 38–39.

find that the Section 3553(a) factors—which are the same as those the Court considered when originally imposing Steidell's 170-month sentence—support such a reduction. In particular, although Steidell should be commended for his generally good behavior and efforts to improve himself while incarcerated, the Court's original sentence was based on consideration of Steidell's frequent involvement in the criminal justice system, the serious and violent nature of his prior offenses including robbery and theft, and his leadership role in a drug trafficking organization which utilized weapons and attempted to deal multiple ounces of methamphetamine and thousands of BZP pills across two states. *See* Dkt. No. 183 at 32–40. Such considerations have not changed. Accordingly, the Court finds that the sentence originally imposed remains sufficient, but not greater than necessary to reflect the seriousness of Steidell's offense, promote respect for the law, provide just punishment, deter Steidell and others, and protect the public. His motion to reduce his sentence based on Amendment 821 to the Sentencing Guidelines is therefore denied.[6]

---

[6] The Court further notes that even were it inclined to reduce Steidell's sentence—which it is not—it could not grant Steidell the "time served" sentence he seeks. Pursuant to the Sentencing Guidelines, the Court may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range" which, here, is 135 months. U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(A). Although the Government and Steidell disagree as to the time Steidell has served, under either calculation, Steidell has served less than 135 months. *See* Dkt. No. 249 at 2 (asserting that Steidell "has served 115 months of the 170-month sentence imposed by this Court for drug trafficking."); Dkt. No. 250 at 2 (claiming that "[t]he government's calculations are incorrect. Here at the time of this writing the Petitioner has 121 months and 7 days served.").

## II. Section 3582(c)(1)(A)

Steidell further contends that he should be released on compassionate release grounds due to: (1) the COVID-19 pandemic and corresponding conditions of confinement within BOP facilities; (2) his unusually long sentence; and (3) his "remarkable record of rehabilitation" including his employment and completion of educational and vocational programs. *See generally* Dkt. No. 246. The Court addresses each in turn.[7]

### a. Medical Circumstances

First, Steidell asserts that he should be granted compassionate release due to "the current COVID-19 pandemic, and the dangers to prisoners associated with it. Along with the living conditions that Steidell has been under as a result of the COVID-19 pandemic." Dkt. No. 246 at 10. Specifically, Steidell explains that "[l]ong-standing deficiencies in BOP's healthcare services, insufficient quarantine space, no requirement for staff to take COVID-19 tests, inability for inmates to

---

[7]The parties dispute whether Steidell has exhausted his administrative remedies, as required by Section 3582(c)(1)(A). Although Steidell attaches a copy of a letter addressed to the Warden of FCI Yazoo City, requesting that the BOP file a Section 3582 motion on his behalf, *see* Dkt. No. 246-3, the Government contends that "[t]here is no indication that the letter to the Warden, attached to the defendant's motion as 'Exhibit C,' was sent to or received by the Bureau of Prisons . . . The BOP . . . has no record of the defendant's letter." Dkt. No. 249 at 11. Given, however, Steidell's *pro se* status and the attached letter, the Court will presume for the purposes of the instant motion that the exhaustion requirement has been satisfied. *See* Dkt. No. 250 at 3 ("Why would Mr. Steidell write a letter, address an envelope, affix postage, and not send the letter. There is a more than a reasonable probability that Mr. Steidell sent his request to the FBOP."); *United States v. Collins*, 2021 WL 961645, at *2 (S.D. Cal. Mar. 15, 2021) (finding the exhaustion requirement satisfied despite BOP's lack of records regarding the defendant's request where the defendant submitted a copy of the same).

social distance, and the fact that only 51% of BOP staff have accepted vaccination have contributed to the spread and lethality of COVID-19 in prisons." *Id.* at 11.

Under Section 1B1.13(b)(1)(D) of the Sentencing Guidelines, a defendant may have a "extraordinary and compelling reason" for compassionate release based on medical circumstances if:

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease, or the ongoing public health emergency described in clause (i); and
> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(D). Here, however, beyond sweeping generalizations about the COVID-19 pandemic and the Bureau of Prisons, Steidell has provided *no* specific allegations regarding: (1) the existence of an outbreak of the coronavirus at his facility or an ongoing public health emergency; (2) any medical conditions that might increase his risk of severe health consequences as a result of contracting the virus; or (3) why any such risk could not be mitigated in a timely manner. To the contrary, Steidell's relative youth—36 years old—and lack of documented health issues suggest that even if there was an

outbreak at his facility,[8] he is likely at low risk of "severe medical complications or death."  U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(D)(ii); *see* Dkt. No. 154 at 20 ("The defendant reported that he is in good physical health and has no history of medical issues.  He is not currently taking any prescription medication and is not allergic to any food or medication.").  As such, Steidell has not met the high bar for compassionate release based on medical circumstances.

Further, beyond the pandemic itself, Steidell suggests that "[t]he Court can also consider the living conditions that Mr. Steidell has been under as a result of the COVID-19 pandemic that has devastated the FBOP."  Dkt. No. 246 at 11.  In particular, Steidell claims that the "onerous lockdowns and restrictions imposed by correctional facilities attempting to control the spread of the virus" render his conditions of confinement "harsher and more punitive than would otherwise have been the case."  *Id.* at 12 (quotation marks and citations omitted).  Once again, however, Steidell fails to provide *any* detail whatsoever regarding specific lockdowns, restrictions, and/or conditions of confinement at FCI Yazoo City.  Moreover, even if he had, courts have generally agreed that such "general conditions that affect inmates indiscriminately throughout the prison are

---

[8] Notably, BOP records indicate that as of March 29, 2024, FCI Yazoo City has only seven confirmed COVID-19 cases out of an inmate population of 4,467.  *See Inmate COVID-19 Data*, BUREAU OF PRISONS, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp#lastestCovidDat (last visited Mar. 29, 2024).  Such numbers hardly constitute an outbreak.

insufficient to support an individual defendant's claim for compassionate release." *See Kaneko*, 2024 WL 1018362, at *5 (quotation marks and citations omitted); *United States v. Capetillo-Davila*, 2023 WL 2599612, at *3 (D. Haw. Mar. 22, 2023) (collecting cases). Accordingly, even if Steidell's incarceration was made harsher due to COVID-19 measures, the same would not provide a basis for granting his motion for compassionate release.

In sum, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *Kaneko*, 2024 WL 1018362, at *4 (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). As such, the Court does not find that Steidell has demonstrated an "extraordinary and compelling" reason for release in this regard.[9]

### b. Unusually Long Sentence

Next, Steidell asserts that he is entitled to compassionate release because he is serving an "unusually long sentence in comparison to the average sentence of those sentenced for drug crimes, and disproportionately sever [sic] compared to

---

[9]Steidell also asserts, without elaboration, that he has been denied adequate medical care while incarcerated. *See* Dkt. No. 246 at 16 ("Steidell could seek adequate medical care (in which in some incidents he has not been provided with) outside of the prison environment."). Without more, this single parenthetical is insufficient to support compassionate release on medical grounds.

sentences imposed on leaders of major drug trafficking organizations." Dkt. No. 246 at 14. Specifically, Steidell points to several "notorious and violent drug kingpins," whom he asserts received sentences of between 15 years and life. *Id.* at 14–15. In comparison, Steidell claims that his sentence is "disproportionate" and that "the current 14-year term is greater than necessary to achieve the goals of sentencing in the instant matter." *Id.* at 15.

The Sentencing Commission has explained in Section 1B1.13(b)(6) of the Sentencing Guidelines that a defendant's unusually long sentence may constitute an "extraordinary and compelling reason" for compassionate release under the following circumstances:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law . . . may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Sent'g Guidelines Manual § 1B1.13(b)(6).

Here, as an initial matter, Steidell has fundamentally failed to demonstrate that he is serving an "unusually long sentence" within the meaning of Section 1B1.13(b)(6). Although Steidell may feel that the nature of a sentence is "relative to the person actually serving a prison term" and "any amount of prison time (or being confined to a cage) is long," his 170-month sentence was squarely in the

middle of his original guideline range.  *See* Dkt. No. 250 at 2; Dkt. No. 183 at 39.  Regardless of the sentences received by Steidell's asserted comparators,[10] a mid-guidelines sentence, by its very nature, cannot be considered *unusually* long.  *See United States v. Villarreal*, 2022 WL 874967, at *7 (S.D. Cal. Mar. 24, 2022); *see also Rita v. United States*, 551 U.S. 338, 346–47 (2007) (holding that a guidelines sentence may be treated as presumptively reasonable).

Further, Steidell has also not shown that the change in his sentencing guideline range produced by Amendment 821 created a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."  U.S. Sent'g Guidelines Manual § 1B1.13(b)(6).  First, the Court has already declined to modify Steidell's sentence pursuant to Amendment 821.  *See supra* 6–8.  Moreover, his current 170-month sentence is only two months above the high end of the amended guideline range.  *See* U.S. Sent'g Guidelines Manual ch. 5, pt. A (setting forth a 135 to 168 month guideline range).  Such a differential does not constitute a "gross disparity" warranting relief.  *See, e.g.*, *United States v. Gomez*, 2021 WL 1240621, at *6–8 (D. Haw. Apr. 2, 2021) (finding a sentencing disparity of ten months to be insufficient to justify compassionate release), *aff'd* 2022 WL 543080, at *1 (9th Cir. Feb. 23, 2022)

---

[10]Notably, beyond their sentences, Steidell does not provide *any* other information regarding the nature and circumstances of the offenses, the comparator defendants' personal histories and characteristics, or anything else that might aid his comparison.  *See* Dkt. No. 246 at 14–15.

(mem); *cf. United States v. Lii*, 528 F. Supp. 3d 1153, 1164–65 (D. Haw. 2021) (finding the sentencing disparity between fifteen years and life to be a gross disparity warranting compassionate release).

Finally, even if Steidell had received an unusually long sentence that was grossly disparate to the sentence he would likely receive following a change in the law, he has failed to show that his "individualized circumstances" warrant relief. *See* U.S. Sent'g Guidelines Manual § 1B1.13(b)(6). Although relatively young when he pled guilty to the instant offenses, Steidell had a lengthy criminal history involving serious and violent crimes. *See* Dkt. No. 154 at 15–17; Dkt. No 183 at 35–37. Further, while the Court acknowledges Steidell's efforts at rehabilitation while incarcerated, such undertakings do not by themselves justify relief. *See infra* 16–17. Accordingly, the Court finds that Steidell has failed to show that he has an "extraordinary and compelling" reason for relief in this regard.[11]

---

[11] The Government also contends that Steidell is ineligible for relief under Section 1B1.13(b)(6) because he has only served 115 months of his sentence. *See* Dkt. No. 249 at 12–13; U.S. Sent'g Guidelines Manual § 1B1.13(b)(6) ("If a defendant received an unusually long sentence and has served *at least ten years* of the term of imprisonment . . ."). Steidell, however, contests this calculation. *See* Dkt. No. 250 at 2 ("The government's calculations are incorrect. Here at the time of this writing the Petitioner has 121 months and 7 days served thus meeting the Sentencing Commissions threshold."). Because the Court finds that Steidell has failed to show that he received an unusually long sentence, that there is a gross sentencing disparity, or that his individualized circumstances warrant relief, there is no need to reconcile this disparity.

### c. <u>Rehabilitation</u>

Finally, Steidell asserts that he should be released as "[h]is record of rehabilitation can be considered extraordinary." Dkt. No. 246 at 10. Over the past several years of incarceration, Steidell has acquired 18 certificates for completing programs ranging from Spanish, economics, and construction site safety, to personal development skills that include substance abuse, parenting, and wellness. *See id.* at 9; *see generally* Dkt. No. 246-1. Steidell has also pursued higher education by taking classes through Solano Community College and Palo Verde College, and has maintained steady prison employment throughout his incarceration. Dkt. No. 246 at 9–10; Dkt. No. 246-1 at 2–3; Dkt. No. 246-2 at 2. Overall, Steidell claims that "he is no longer the man who made irrational and irresponsible choices to engage in criminal conduct, and that there is no concern that he would be a danger to the public if released." Dkt. No. 246 at 10.

However, although Steidell's vocational and educational accomplishments are commendable, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." U.S. Sent'g Guidelines Manual § 1B1.13(d). Moreover, even when considering Steidell's efforts along with the other grounds for relief asserted in his motion, the Court does not find that his rehabilitation is so unique or remarkable as to constitute "extraordinary and compelling reasons" that would justify the reduction of his sentence. Indeed, "rehabilitation is supposed to be the

rule, not the exception." *United States v. Logan*, 532 F. Supp. 3d 725, 739 (D. Minn. 2021); *accord United States v. Martin*, 2021 WL 134602, at *2 (E.D. Ky. Jan. 13, 2021) ("good behavior and education, which are expected of incarcerated individuals, do not constitute 'extraordinary and compelling circumstances' that warrant a sentence reduction."). As such, the Court does not find compassionate release to be warranted in this regard.

In sum, Steidell has not illustrated that he has any "extraordinary and compelling" reason which would justify the exceptional relief that he requests from this Court.[12] His motion pursuant to Section 3582(c)(1)(A) is, therefore, denied.

## CONCLUSION

For the reasons set forth herein, Steidell's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) and or 3582(c)(2)/Amendment 821, Dkt. No. 246, is DENIED.

IT IS SO ORDERED.

DATED: April 2, 2024 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

[12] The Court therefore need not, and does not, address any of the other showings that must be made for a Section 3582(c)(1)(A) motion to be granted. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("a district court that properly *denies* compassionate release need not evaluate each step.").